**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| **JUDGE** | Janet S. Baer | **Case No.** | 20 B 05171 |
|---|---|---|---|
| **DATE** | April 17, 2020 | **Adversary No.** | |
| **CASE TITLE** | In re Sebastian Palladino | | |
| **TITLE OF ORDER** | Order Granting in Part and Denying in Part Sebastian Palladino's Motion to Extend the Automatic Stay (ECF No. 16) and Granting HSBC Bank USA, National Association's Motion for *In Rem* Relief from the Automatic Stay and Co-Debtor Stay (ECF No. 18) | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part debtor Sebastian Palladino's motion to extend the automatic stay. The stay will be extended as to all of Sebastian Palladino's creditors, except for HSBC Bank USA, National Association, through the hearing on confirmation. HSBC Bank USA, National Association's motion for *in rem* relief from the automatic stay and co-debtor stay is granted.

**[For further details see text below.]**

### STATEMENT

Two matters are before the Court for ruling: (1) the continued motion of debtor Sebastian Palladino (the "Debtor") to extend the automatic stay in his new chapter 13 case that was commenced on February 26, 2020; and (2) the continued motion of HSBC Bank USA, National Association (the "Lender") for *in rem* relief from the automatic stay and co-debtor stay. In addition to considering the two motions, the Court has reviewed the detailed response to the Lender's motion, with supporting documentation, that was filed by the Debtor. The Court has also reviewed the motion filed by the Debtor on April 15, 2020 for leave to amend his bankruptcy petition.

This is the Debtor's fourth chapter 13 bankruptcy case in the last two years:

(1) The first case (Bankr. No. 18-07470) was filed on March 15, 2018 and dismissed on April 4, 2018 on the chapter 13 trustee's motion for failure to file a plan and other required documents.

(2) The second case (Bankr. No. 18-11335) was filed about fourteen days later, on April 18, 2018, and dismissed on August 17, 2018, also on the chapter 13 trustee's motion.

(3) The third case (Bankr. No. 18-31276) was filed on November 6, 2018. After substantial proceedings were held, on May 24, 2019, the Court entered an

1

order denying confirmation and dismissing the case on the chapter 13 trustee's motion, with a 180-day bar to refiling. On June 6, 2019, the Debtor filed a motion to alter or amend the order. Subsequently, the motion was fully briefed, and multiple hearings took place. The Court ultimately denied the motion to alter or amend on January 3, 2020. In doing so, the Court read into the record a very detailed ruling that outlined the history of the Debtor's eleven-year battle with the Lender in connection with the mortgage on the property where the Debtor lives in Naperville (the "Property"). The Court will not repeat those substantial findings but incorporates them herein. The Debtor did not appeal either the May 24, 2019 or the January 3, 2020 ruling.

During the course of the third chapter 13 case, the Debtor also filed an adversary proceeding against the Lender and others. (Adv. No. 19-00131.) That adversary remains pending and has been stayed pursuant to an order entered on April 19, 2019 in which the Court abstained from proceeding on the adversary complaint pending final resolution of the Lender's foreclosure action in the Circuit Court of DuPage County.

In addition to the current bankruptcy, the three prior cases, and the adversary proceeding, the Debtor filed a case against the Lender and others in the United Stated District Court for the Northern District of Illinois. (Case No. 1:15-cv-10610.) Judge Joan B. Gottschall entered an order on March 24, 2017 abstaining from hearing that case until completion of the state court foreclosure suit. Finally, the Debtor's ex-spouse, Marcella A. Palladino, filed her own chapter 7 case in this Court on September 20, 2018. (Bankr. No. 18-26490.) A no-asset report was filed in that case on October 17, 2018, a discharge order was entered on December 18, 2018, and the case was subsequently closed.

## DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY

Pursuant to § 362(c)(3) of the Bankruptcy Code, if a debtor files a case and another case in which he was a debtor "was pending within the preceding [one]-year period but was dismissed," then the automatic stay in connection with "any action taken with respect to a debt or property securing such debt . . . shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]" 11 U.S.C. § 362(c)(3)(A). The debtor, however, may seek extension of the stay but "only if [he] demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]" 11 U.S.C. § 362(c)(3)(B).

Under § 362(c)(3)(C), the later case is presumptively filed *not* in good faith: (1) "as to all creditors, if . . . "there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case," 11 U.S.C. § 362(c)(3)(C)(i); and (2) "as to any creditor that commenced an action [for relief from the stay] in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor," 11 U.S.C. § 362(c)(3)(C)(ii).

2

Here, the Debtor's case was presumptively filed not in good faith as to the Lender pursuant to § 362(c)(3)(C)(ii), because the Lender opposed extension of the automatic stay in the Debtor's previous case (Bankr. No. 18-31276) and that opposition was resolved by an order entered on January 22, 2019 which limited the stay as to the Lender. Specifically, in that order, the Court did not extend the automatic stay as to the Lender or with respect to the Debtor's Property, granted the Lender relief from the co-debtor stay with respect to Marcella A. Palladino, and allowed the Lender to pursue its foreclosure case in the state court. Further, the Debtor's case was presumptively filed not in good faith as to all creditors pursuant to § 362(c)(3)(C)(i) unless he can demonstrate that there has been a substantial change in his financial or personal affairs since dismissal of his last case.

The Debtor offers five "[c]hanged circumstances" which, he claims, make this new case "more likely to succeed." The Court finds that none of these alleged changes meets the burden necessary to extend the automatic stay, especially as to the Lender.

### 1. Chapter 7 Discharge of Promissory Note Signed by Debtor's Ex-Wife

The Debtor contends that only Marcella A. Palladino signed the promissory note and that, upon the entry of the discharge in her chapter 7 bankruptcy case, the note is unenforceable against her. This allegation is not a change in circumstances. The Debtor has always maintained that he did not sign the promissory note, although he did admit that he signed the mortgage. Further, in her chapter 7 case, the Debtor's ex-wife admitted to signing the note and the mortgage, conceded that the Property was worth $300,000, and indicated that she was its sole owner. Her chapter 7 discharge relieved her of any personal obligation as to the promissory note. However, it did not remove the mortgage on the Property. Whoever owns the Property owns it subject to the mortgage. Only the unsecured deficiency on the obligation evidenced by the note was discharged.

The Debtor has consistently claimed that he did not sign the note and does not have an obligation on it. That claim, however, does not change the facts with respect to the mortgage. The Property has been and remains encumbered by a mortgage, and nothing has changed in that respect since 2006, when the Debtor and his now ex-wife originally executed the mortgage.

### 2. No Legal and Valid Mortgage Assignment

Next the Debtor alleges that no "legal and valid mortgage assignment" has "ever . . . been presented to any court." This is not a change in circumstances. Indeed, this is the very same argument that the Debtor has been making to the foreclosure court since 2008 and to the district court and this Court thereafter. For the reasons stated in great detail in the Court's ruling of January 3, 2020, the legality and/or validity of the mortgage assignment is an issue for the state court to address and one that that court *has* been addressing in one form or another for the past eleven years.

### 3. Stabilization of Debtor's Income

The Debtor next alleges that his income has stabilized, having gone from "straight commission" to "a high salary." This is not a significant change in circumstances. In fact, a

3

comparison of the Debtor's schedules I and J in this case with those in his prior case reveal that the Debtor's gross income has actually decreased slightly, as has his net income.

### 4. Continued Debt Management and Payoff of Car Loan

The Debtor also alleges that he has continued to manage his debts and that he has paid off his car loan. These are not significant changes in circumstances justifying the extension of the stay, particularly as to the Lender. Nothing has changed with respect to the Lender, except that the arrears have continued to grow. Further, the Debtor has many other unsecured debts which remain outstanding for which the Debtor proposes to pay a dividend of only 10%.

### 5. No Mortgage on Debtor's Primary Residence; Lender Is Not "True Owner"

Finally, the Debtor alleges that he has no mortgage on his primary residence and that, in any event, the Lender is not the "true owner." According to the Debtor, he will "work out an arrangement" directly with the "true owner" when that entity "appears." This is not a change in circumstances and is also disingenuous. Since 2008, the Debtor has been arguing in a number of forums that the Lender is not the "true owner" of the obligations in connection with the Property. In fact, the Debtor has argued under various theories that no one is owed anything on the Property and that he owns the Property, now worth only $150,000, free and clear. For the reasons previously stated on many occasions, the issue of who owns the mortgage obligations is squarely before the state court, and there it will remain.

In reviewing the plan in this case, the Court notes that the Debtor once again claims that he is the owner of the Property free and clear of any mortgages or other liens. Despite that claim, the Debtor's plan does not make the value of the Property available to his creditors, whose obligations he seeks to discharge by paying a dividend of only 10%. The Debtor cannot have it both ways. He clearly does not have sufficient income to make payments to the "true" holder of the mortgage on the Property, in order to retain that Property, even if the obligation is reduced to the current value alleged by the Debtor.

For the foregoing reasons, the Court finds that the Debtor's case was filed not in good faith under § 362(c)(3)(C), especially with respect to the Lender, and the stay will not be extended as to the Lender. While extension of the stay as to all of the Debtor's other creditors could be denied as well, the Court will not go that far today, given the current financial state of the world and the health challenges being faced. Accordingly, the Court will extend the stay as to all of the Debtor's creditors, other than the Lender, through the Debtor's hearing on confirmation.

### LENDER'S MOTION FOR *IN* REM RELIEF
### FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

The Lender has moved for *in rem* relief from the automatic stay and co-debtor stay pursuant to §§ 362(d)(4) and 1301(c) of the Bankruptcy Code. Section 362(d)(4) provides, in relevant part, that "the court *shall* grant relief from the stay by terminating, conditioning, or limiting such stay . . . with respect to a stay of an act against real property . . . if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple

4

bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4)(B) (emphasis added). The statute goes on to provide that an order entered thereunder, "if recorded in compliance with applicable [s]tate laws governing notices of interests or liens in real property . . . shall be binding in any other case under [Title 11] purporting to affect such real property filed not later than [two] years after the date of the entry of such order." 11 U.S.C. § 362(d)(4).

The Lender argues that the Debtor's history of serial filing of bankruptcy cases without a change in circumstances and his use of the stay as a litigation ploy to drag out foreclosure proceedings in other jurisdictions constitute bad faith, justifying entry of a recordable *in rem* order for relief. The Court agrees.

As outlined above, this is the fifth bankruptcy case filed by the Debtor or his ex-wife in the last two years that affects the Property. The Debtor's current case was filed after his last one had been pending for over a year. In the prior case, the Court did not extend the automatic stay as to the Lender, denied confirmation of the Debtor's plan, ultimately dismissed the case on the chapter 13 trustee's motion for bad faith, among other things, and imposed a 180-day bar to refiling. As discussed above, there has been no change in circumstances that justifies the stay remaining in place as to the Lender in this case. Clearly, the Debtor filed the current case, as he did the three prior chapter 13 bankruptcies, in order to stall the Lender's numerous attempts to foreclose on the Property. Thus, the Court must grant the Lender's motion for *in rem* relief. If appropriately recorded by the Lender pursuant to 11 U.S.C. § 362(d)(4), the order will be binding in any other bankruptcy case purporting to affect the Property filed by the Debtor or his ex-wife within the next two years. *See* 11 U.S.C. § 362(d)(4).

The Debtor's response in opposition to the Lender's motion is without merit. As discussed above, nothing that the Debtor has argued either in his response to this motion or in his motion to extend the stay is new. And, to the extent that the Debtor now alleges that he has discovered a new document that further supports his argument that the Lender is not the proper holder of the mortgage on the Property, that is an allegation for the Debtor to bring before the state foreclosure court, not this one.

Finally, the Lender also requests that the Court grant *in rem* stay relief as to the Debtor's ex-wife Marcella A. Palladino pursuant to § 1301(c). That statute provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . with respect to a creditor, to the extent that[:] (1) as between the debtor and the individual protected under [the stay], such individual received the consideration for the claim held by such creditor; (2) the plan filed by the debtor proposes not to pay such claim; or (3) such creditor's interest would be irreparably harmed by continuation of such stay." 11 U.S.C. § 1301(c).

The Lender is entitled to relief from the co-debtor stay as to Marcella A. Palladino under all three subsections of § 1301(c). First, Ms. Palladino was a signatory both on the note and on the mortgage on the Property. In fact, in her own chapter 7 case, Ms. Palladino stated that she, not the Debtor, was the sole owner of the Property. While Ms. Palladino received a discharge in her chapter 7 case as to any remaining deficiency obligation she may have had on the note, the mortgage remains on the Property. Second, the plan filed by the Debtor in this case does not propose to pay anything on the Lender's claim. The Debtor states in his plan that "[i]f the true

5

owner appears, Debtor will work out an arrangement directly with that entity." As explained above, that disingenuous statement by the Debtor does not constitute any proposed payment on the Lender's claim. Third, the denial of *in rem* relief from the co-debtor stay would cause irreparable harm to the Lender. The Debtor and his ex-wife have filed five bankruptcy cases during the pendency of the mortgage foreclosure proceedings. The effect of each of those filings was to delay, hinder, or otherwise undermine the Lender in the foreclosure proceedings. The Debtor has not paid a penny on the mortgage in twelve years. The debt, originally in the amount of $313,500, has now risen to an alleged balance of $667,356 due to accruing interest, unpaid taxes, costs, and fees. In the meantime, the value of the Property has declined to what the Debtor now claims is $150,000. Clearly, the Lender has been irreparably harmed and will continue to be injured each day it remains bound by the automatic stay.

For all of the foregoing reasons, the Lender's motion for *in rem* relief from the automatic stay and co-debtor stay is granted.

DATED:  **April 17, 2020**               **ENTERED**:

*[signature: Janet S. Baer]*

Janet S. Baer
United States Bankruptcy Judge

6