IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sebastian Palladino, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) No. 20-cv-2627 |
| | ) |
| | ) |
| HSBC Bank USA, N.A., | ) |
| | ) |
| Appellee. | ) |
| | ) |

<u>Memorandum Opinion and Order</u>

Debtor Sebastian Palladino appeals from a judgment entered against him in the Bankruptcy Court for the Northern District of Illinois, which denied Mr. Palladino's motion to extend the automatic stay as to appellee HSBC Bank USA, N.A. ("HSBC") under 11 U.S.C. § 362(c)(3)(B) and granted HSBC's motion for in rem relief from the stay under 11 U.S.C. § 362(d)(4). For the reasons that follow, the decision of the Bankruptcy Court is affirmed.

I.

The instant bankruptcy proceeding relates to a property located at 917 Heathrow Lane in Naperville, Illinois (the "property"). In 2006, Mr. Palladino's then-wife, Marcella Palladino, signed a thirty-year promissory note for $313,500 secured by a mortgage on the property. ECF No. 15-1 at APP0103.

Although he did not sign the note, Mr. Palladino is a co-mortgagor of the property, and currently resides there. *Id.* at APP1347–48. The Palladinos have made no payments on the property since 2007. *Id.* The property has been the subject of several legal actions, and a brief description of that legal history is warranted here.

In 2008, HSBC filed a foreclosure action on the property in Illinois state court. *Id.* at APP0868. The trial court awarded summary judgment to HSBC, but on appeal, Mr. Palladino challenged HSBC's standing, and the appeals court reversed, finding that there were genuine issues of material fact with respect to the assignment of the mortgage and note to HSBC and the authenticity of the note. *Id.* at APP0038–48. On remand, the trial court denied Mr. Palladino's renewed motion to dismiss for lack of standing. *Id.* at APP0469; APP0433. HSBC moved for summary judgment again, and briefing was completed in late February 2018. *Id.* at APP0510.

On March 15, 2018, before the summary judgment motion could be ruled upon, Mr. Palladino filed his first Chapter 13 bankruptcy petition. *Id.* at APP0191. The action of filing a bankruptcy petition generally automatically stays judicial actions against the debtor, 11 U.S.C. § 362(a), so the petition had the effect of staying the foreclosure action. The first bankruptcy action was quickly dismissed, however, because Mr. Palladino failed to file a Chapter 13 Plan and other required documentation. *Id.* at APP0194. Undeterred, Mr. Palladino filed a second Chapter 13

2

petition on April 18, 2018, but that action was also dismissed at the Trustee's recommendation after the Trustee argued that Mr. Palladino was proceeding in bad faith. *Id.* at APP0203, APP0200.

On November 6, 2018, Mr. Palladino filed a third Chapter 13 bankruptcy petition. *Id.* at APP0329. This time, substantive proceedings were held. *Id.* On January 22, 2019, the Bankruptcy Court granted relief from the automatic stay to HSBC and allowed it to proceed with its foreclosure action in Illinois court. *Id.* at APP0690. Ultimately, on May 24, 2019, the Bankruptcy Court denied confirmation of the Chapter 13 plan and dismissed the case with a 180-day bar to refiling, citing "bad faith." *Id.* at APP1355-56; APP0703.

With the automatic stay lifted, on February 8, 2019, the Illinois state court granted summary judgment on behalf of HSBC and entered a judgment of foreclosure. *Id.* at APP0979-80. On February 26, 2020, however, on the eve of the foreclosure sale, Mr. Palladino filed the instant bankruptcy petition, his fourth concerning the property. *Id.* at APP0012.

Mr. Palladino now appeals from an April 17, 2020 decision in the instant (fourth) bankruptcy case in which the Bankruptcy Court denied Mr. Palladino's motion to extend the automatic stay as to HSBC under 11 U.S.C. § 362(c)(3)(B) and granted HSBC's motion for in rem relief from the stay under 11 U.S.C. § 362(d)(4). *Id.* at APP0006.

3

Subsequent to filing the instant appeal, Mr. Palladino amended his schedules and submitted a revised plan removing HSBC as a creditor. *See* ECF No. 11 at 6; ECF No. 15 at 29. The amended plan was confirmed on June 12, 2020. *Id.*

## II.

I review "a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*." *In re Miss. Valley Livestock, Inc.*, 745 F.3d 299, 302 (7th Cir. 2014). A factual finding is not clearly erroneous if it is "'plausible in light of the record viewed in its entirety,' even if [the reviewing court] would have '"weighed the evidence differently" and reached the opposite conclusion.'" *United Air Lines, Inc. v. Int'l Ass'n of Machinist & Aerospace Workers*, 243 F.3d 349, 361 (7th Cir. 2001) (citing *Air Line Pilots Ass'n Int'l v. United Air Lines, Inc.*, 802 F.2d 886, 891 n.2 (7th Cir. 1986)). Moreover, a "bankruptcy court's grant of relief from the automatic stay is reviewed for an abuse of discretion." *Colon v. Option One Mortg. Corp.*, 319 F.3d 912, 916 (7th Cir. 2003); *In re Williams*, 144 F.3d 544, 546 (7th Cir. 1998) ("[T]he bankruptcy court has discretion whether and to what extent it will grant relief from the stay, so our review is limited to whether the court abused that discretion.").

## III.

As a threshold matter, Mr. Palladino argues that HSBC lacked standing to move for relief from the automatic stay in the

4

bankruptcy action, making substantially similar arguments to those
he advanced in the foreclosure action regarding HSBC's standing.
Standing to move for relief from an automatic stay in bankruptcy
court, however, is different than standing to foreclose. "Hearings
to determine whether the stay should be lifted are meant to be
summary in character." *In re Vitreous Steel Prods. Co.*, 911 F.2d
1223, 1232 (7th Cir. 1990). "A decision to modify they stay is
'only a determination that the creditor's claim is sufficiently
plausible to allow its prosecution elsewhere.'" *In re Spencer*,
531 B.R. 208, 212 (Bankr. W.D. Wis. 2015), *aff'd sub nom. Spencer
v. Fed. Home Loan Mortg. Corp.*, 246 F. Supp. 3d 1241 (W.D. Wis.
2017) (citation omitted). Thus, to establish standing to move for
relief from the stay in the Seventh Circuit, a party in interest
need only demonstrate a "colorable claim" to the property. *In re
Vitreous Steel*, 911 F.2d at 1232, 1234; *In re Spencer*, 531 B.R. at
212.[1]

---

[1] Mr. Palladino cites to Second Circuit authority for the
proposition that HSBC does not have standing as a "creditor"
because it has not proven the validity of its lien in the instant
bankruptcy proceeding. *See, e.g.*, *In re Idicula*, 484 B.R. 284,
287 (Bankr. S.D.N.Y. 2013). The Second Circuit, however, has
adopted an exceedingly "narrow view" of standing, which "has been
criticized as resulting in 'the anomalous situation in which a
party is subject to the automatic stay but is unable to seek relief
even when damage may result from its continuance.'" *In re
Sweports, Ltd.*, 476 B.R. 540, 543 (Bankr. N.D. Ill. 2012) (citing
3 Collier on Bankruptcy ¶ 362.07[2]). The Seventh Circuit's
"better practice," binding on this court, is to require only a
"colorable claim" to a lien on the property. *Id.*; *see In re
Vitreous Steel*, 911 F.2d at 1232, 1234.

Here, the district court did not err in concluding that HSBC
had standing to move for relief from the stay. HSBC has obtained
a judgment of foreclosure in the state court, and such judgments
have been held sufficient to establish a "colorable claim" to the
property. *In re Spencer*, 531 B.R. at 212–13; *see also In re
Boydstun*, No. WO-19-020, 2020 WL 241492, at *5 (B.A.P. 10th Cir.
Jan. 16, 2020) ("[Creditor's] documents (the Note, Mortgage, and
assignments), taken with the final state court Foreclosure
Judgment, demonstrated that [creditor] met the low threshold of
proving it was a party in interest with a colorable claim for stay
relief.").

Mr. Palladino also argues that HSBC was barred from moving
for relief from the stay because it did not file a proof of claim
in the fourth bankruptcy. *See* Fed. R. Bankr. P. 3002(a). But
Section 362 requires only that a movant be a "party in interest";
nowhere does it specify that the party must also have filed a proof
of claim. *See* 11 U.S.C. § 362(d). Accordingly, courts that have
considered the issue have not required that a creditor file a proof
of claim to establish standing to move for relief from an automatic
stay. *See In re D/C Distribution, LLC*, 617 B.R. 600, 608-09
(Bankr. N.D. Ill. 2020); *see also In re Quinteros*, No. 19-00195,
2019 WL 5874609, at *11-14 (Bankr. D.D.C. Nov. 8, 2019) ("Rule
3002 does not say anything about whether a secured creditor is
barred from seeking relief from the automatic stay if it fails to

6

file a proof of claim."). For the foregoing reasons, the Bankruptcy Court did not err in concluding that HSBC had standing.

IV.

I turn to the merits—first, Mr. Palladino's challenge to the Bankruptcy Court's order denying his request to extend the automatic stay. Generally, as noted above, the filing of a bankruptcy petition automatically stays any judicial action against the debtor, enforcement of any judgment obtained against the debtor, or the enforcement of any lien against the debtor's property. 11 U.S.C. § 362(a). However if, as here, the debtor was part of another bankruptcy case that "was pending within the preceding 1-year period but was dismissed," the stay automatically terminates thirty days after filing. 11 U.S.C. § 362(c)(3)(A). The debtor may seek an extension of the stay if he "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B). The later case is presumptively *not* filed in good faith (1) "as to all creditors, if . . . there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the . . . previous case," 11 U.S.C. § 362(c)(3)(C)(i)(III), or (2) "as to any creditor that commenced an action [for relief from the stay] in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or

7

limiting the stay as to actions of such creditor," 11 U.S.C.
§ 362(c)(3)(C)(ii).

Here, the Bankruptcy Court denied Mr. Palladino's motion to
extend the thirty-day automatic stay as to HSBC. It correctly
determined that the petition was presumptively filed in bad faith
as to HSBC because HSBC had opposed extension of the automatic
stay in the third bankruptcy case, and that opposition was resolved
by terminating the stay as to HSBC. *See* 11 U.S.C.
§ 362(c)(3)(C)(ii). Further, after a detailed discussion, the
court determined that a second bad faith presumption applied as to
all creditors because Mr. Palladino had not established a
substantial change in circumstances making his case more likely to
succeed. *See* 11 U.S.C. § 362(c)(3)(C)(i)(III). Given that Mr.
Palladino was unable to overcome the statutory presumptions of bad
faith as to HSBC, and incorporating its findings in the third
bankruptcy case regarding Mr. Palladino's history of bad faith,
the Bankruptcy Court declined to extend the automatic stay as to
HSBC.

I cannot conclude that the Bankruptcy Court abused its
discretion in declining to extend the automatic stay. Because
there was a presumption of bad faith, Mr. Palladino bore the burden
of establishing his own good faith by "clear and convincing
evidence." 11 U.S.C. § 362(c)(3)(C); *see In re Rice-Harris*, No.
17 C 6489, 2018 WL 1762441, at *2 (N.D. Ill. Apr. 12, 2018).

8

Particularly in light of Mr. Palladino's refusal to make any payments on his property, as well as his history of initiating bankruptcy proceedings on the eve of adverse orders in the foreclosure action, the Bankruptcy Court was not unjustified in concluding that the instant bankruptcy proceeding was initiated in bad faith.

Mr. Palladino argues that the Bankruptcy Court's ultimate confirmation of his Chapter 13 plan conflicts with its finding of bad faith in connection with the automatic stay. Particularly, Section 1325(a) provides that a bankruptcy court may only confirm a plan if, among other things, "the action of the debtor in filing the petition was in good faith." 11 U.S.C. § 1325(a)(7). By confirming the Chapter 13 plan after removing HSBC as a creditor, Mr. Palladino contends, the Bankruptcy Court "legally reversed its finding [of bad faith] in failing to extend the stay." ECF No. 11 at 15.

But, although similar, the good-faith standards set forth in Sections 1325(a)(7) (plan confirmation) and 362(c)(3)(B) (motion to extend automatic stay) are not identical. Looking both to the specific language and the overall structure of the bankruptcy code, courts have concluded that the good-faith analysis under Section 1325(a)(7) differs from that under Section 362(c)(3)(B) in that it focuses primarily on the debtor, rather than the individual creditors. *See In re Tomasini*, 339 B.R. 773, 775-83 (Bankr. D.

9

Utah 2006); *see also In re Ford*, 522 B.R. 829, 838 (Bankr. D.S.C.
2014). Moreover, because a bad-faith presumption attached to Mr.
Palladino under Section 362(c)(3)(C), Mr. Palladino was required
to establish his good faith "by clear and convincing evidence."
11 U.S.C. § 362(c)(3)(C). By contrast, in order to have his plan
confirmed, Mr. Palladino needed to establish his good faith only
by a preponderance of the evidence. *See In re Colon*, 561 B.R.
682, 686 (Bankr. N.D. Ill. 2016). Accordingly, it is not the case
that denial of a motion to extend the automatic stay under Section
362(c)(3)(B) necessarily precludes a subsequent confirmation of
the debtor's plan under Section 1325(a).

For the foregoing reasons, I affirm the Bankruptcy Court's
decision to suspend the automatic stay as to HSBC.

V.

Mr. Palladino also challenges the Bankruptcy Court's grant of
in rem relief from the automatic stay under Section 362(d)(4).
Section 362(d)(4) provides:

> On request of a party in interest and after notice and
> a hearing, the court shall grant relief from the stay .
> . . with respect to a stay of an act against real
> property . . . if the court finds that the filing of the
> petition was part of a scheme to delay, hinder, or
> defraud creditors that involved . . . multiple
> bankruptcy filings affecting such real property.

10

11 U.S.C. § 362(d)(4)(B). If such relief is granted, and it is recorded in compliance with applicable state law, the order will be "binding in any other case under [Title 11] purporting to affect such real property filed not later than 2 years after the date of the entry of such order." *Id.* § 362(d)(4).

Section 362(d)(4)(B) "requires that two elements be established: (a) that the debtor engaged in a scheme to delay, hinder or defraud creditors, and (b) that the scheme involved . . . multiple bankruptcy filings." *In re Briggs*, No. 12-bk-14853, 2012 WL 3780542, at *4 (Bankr. N.D. Ill. Aug. 31, 2012). As there were plainly multiple filings here, the principal question presented to the Bankruptcy Court was whether Mr. Palladino's behavior constituted a "scheme" to delay, hinder, or defraud creditors. For purposes of this section, a "scheme" is "an intentional artful plot or plan." *Id.* at *5. Pointing to the prior findings of bad faith and the lack of any meaningful change of Mr. Palladino's circumstances, the Bankruptcy Court concluded that Mr. Palladino "[c]learly" filed all four bankruptcy petitions "in order to stall [HSBC]'s numerous attempts to foreclose on the Property," and granted HSBC in rem relief. ECF No. 15-1 at APP0010. Given Mr. Palladino's litigation history, I decline to hold that decision was clear error.

On appeal, Mr. Palladino asserts that because foreclosure actions are considered quasi in rem under Illinois law, the

Bankruptcy Court was not "empowered" to "grant[] the in rem order."
ECF No. 11 at 16-18.   The nature of a foreclosure action in
Illinois, however, is beside the point.   Section 362(d)(4) of the
Bankruptcy Code "provides bankruptcy judges with statutory
authority to grant *in rem* relief." *In re Wilke*, 429 B.R. 916, 922
(Bankr. N.D. Ill. 2010).   The Bankruptcy Court was thus "empowered"
to exercise that authority to grant HSBC's motion.

For the foregoing reasons, the Bankruptcy Court's April 17,
2020 order is affirmed.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: November 24, 2020